# EXHIBIT A

Electronically Filed
12/13/2018 1:51 PM
Fourth Judicial District, Ada County
Christopher D. Rich, Clerk of the Court
By: Lusina Heiskari, Deputy Clerk

Eric S. Rossman, ISB #4573
erossman@rossmanlaw.com
Erica S. Phillips, ISB #6009
ephillips@rossmanlaw.com
Matthew G. Gunn, ISB #8763
mgunn@rossmanlaw.com
ROSSMAN LAW GROUP, PLLC
350 N. 9th Street, Suite 500
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile: (208) 947-2424
*iCourt efiling only: rlg@rossmanlaw.com*

Attorneys for Plaintiffs

Baskin, Nancy

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| LAWRENCE R. GAUKEL and ANNA SUE GAUKEL, husband and wife, <br><br> Plaintiffs, <br><br> -vs- <br><br> IMPRIMIS PHARMACEUTICALS, INC., a Delaware corporation, <br><br> Defendant. | CASE NO. CV01-18-23156 <br><br> **SUMMONS** |

**NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF(S). THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.**

SUMMONS - 1

TO:     Imprimis Pharmaceuticals, Inc.

You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above designated court at 200 West Front Street, Boise, ID 83702, (208) 367-8900, within 21 days after service of this Summons on you. If you fail to so respond the court may enter judgment against you as demanded by the plaintiff(s) in the Complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 2 and other Idaho Rules of Civil Procedure and must also include:

1. The title and number of this case.

2. If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3. Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

4. Proof of mailing or delivery of a copy of your response to plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

SUMMONS - 2

12/13/2018 1:51 PM

DATED this _____ day of December, 2018.



CHRISTOPHER D. RICH
CLERK OF THE DISTRICT COURT

By ___Lusina Heiskari___
Deputy

Z:\Work\G\Gaukel, Anna Sue\Summons.doc

SUMMONS - 3

Electronically Filed
12/13/2018 1:51 PM
Fourth Judicial District, Ada County
Christopher D. Rich, Clerk of the Court
By: Lusina Heiskari, Deputy Clerk

Eric S. Rossman, ISB #4573
erossman@rossmanlaw.com
Erica S. Phillips, ISB #6009
ephillips@rossmanlaw.com
Matthew G. Gunn, ISB #8763
mgunn@rossmanlaw.com
ROSSMAN LAW GROUP, PLLC
350 N. 9th Street, Suite 500
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile: (208) 947-2424
*iCourt efiling only: rlg@rossmanlaw.com*

Attorneys for Plaintiffs



IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| LAWRENCE R. GAUKEL and ANNA SUE GAUKEL, husband and wife,<br><br>Plaintiffs,<br><br>-vs-<br><br>IMPRIMIS PHARMACEUTICALS, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. CV01-18-23156<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Fee Category: A<br>Filing Fee: $221.00 |

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

COME NOW, the above-named Plaintiffs, Lawrence Gaukel and Anna Sue Gaukel, and for cause of action against the above-named Defendant, Imprimis Pharmaceuticals, Inc., COMPLAIN AND ALLEGE as follows:

## PARTIES

1. At all times relevant to the allegations herein, Plaintiffs were and now are married individuals residing in Caldwell, Canyon County, Idaho.

2. At all times relevant to the allegations herein, Defendant Imprimis Pharmaceuticals, Inc. (hereinafter "Imprimis") is a corporation organized under the laws of the State of Delaware.

## JURISDICTION AND VENUE

3. All of the acts complained of herein occurred in Ada County, Idaho, making jurisdiction proper in this Court pursuant to Idaho Code § 1-705..

4. Venue is appropriate pursuant to Idaho Code § 5-402 and § 5-404.

## GENERAL ALLEGATIONS

5. On December 14, 2016, Plaintiff Anna Sue Gaukel underwent left eye phacoemulsification with lens implantation and right eye phacoemulsification with lens implantation on December 28, 2016. Such surgeries were performed at Eagle Eye Surgery and Laser Center in Meridian, Ada County, Idaho, by Gregory Kent, M.D.

6. After the surgery, Plaintiff Anna Sue Gaukel was given an intravitreal injection of Triamcinolone/Moxifloxacin.

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

7. Upon information and belief, the Triamcinolone/Moxifloxacin was compounded by Defendant, Imprimis Pharmaceuticals, Inc. Such compounded medications are not reviewed nor approved by the U.S. Food and Drug Administration.

8. On February 2, 2017, Plaintiff Anna Sue Gaukel consulted Dr. Kent for follow-up. At that time, Plaintiff Anna Sue Gaukel had been experiencing a white spot with a hole in the center of her vision for about two weeks.

9. On February 20, 2017, Plaintiff Anna Sue Gaukel returned to see Dr. Kent for additional follow-up. At that time, Plaintiff Anna Sue Gaukel was experiencing blurry eyesight, light sensitivity, inability to see pale colors, and difficulty in seeing letters and numbers.

10. On April 26, 2017, with no improvement to her eyesight, Plaintiff Anna Sue Gaukel underwent YAG laser surgery; however, Plaintiff Anna Sue Gaukel experienced no improvement in her vision after this surgery.

11. By July of 2017, Plaintiff Anna Sue Gaukel's vision had worsened to the point that, in addition to new eyeglasses, she still required a magnifying glass and very large print to be able to read.

12. Plaintiff Anna Sue Gaukel consulted Dr. Kent again in April of 2018. At that time, Plaintiff had no improvement to her vision and she did not feel that her eyeglasses offered any improvement to her vision.

13. In August of 2018, Plaintiff Anna Sue Gaukel was seen at the Moran Eye Center in Salt Lake City, Utah, for further evaluation.

14. At that time, Plaintiff consulted Donnell J. Creel, Ph.D. who performed Visual Evoked Potential (VEP) and an electroretinography (ERG) on both eyes. While Plaintiff Anna Sue Gaukel's VEPs were within normal range, the ERGs were all quite abnormal with an approximate 80% reduction in both retinas.

15. Plaintiff Anna Sue Gaukel continues to experience difficulties with her vision and she can no longer drive.

16. Upon information and belief, the drug Triamcinolone/Moxifloxacin compounded by Imprimis and given as an intravitreal injection has caused Plaintiff Anna Sue Gaukel's vision damage and loss.

17. Upon further information and belief, vision loss and/or damage has also been sustained by other patients who received the drug Triamcinolone/Moxifloxacin compounded by Imprimis and given as an intravitreal injection.

## CLASS ACTION ALLEGATIONS

18. Plaintiffs bring this action as a class action pursuant to Rule 77 of the Idaho Rules of Civil Procedure.

19. The Class shall include all patients who received an intravitreal injection of Triamcinolone/Moxifloxacin during or following cataract surgery, which drugs were compounded by Imprimis.

20. The claims of the named Plaintiffs are typical of the claims of all members of the Class, and all members of the Class sustained damages arising out of the same wrongful conduct of Imprimis.

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

...

21. The named Plaintiffs will fairly and adequately protect the interest of the Class. They have retained counsel who are competent and experienced in class action litigation.

22. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Imprimis.

23. Imprimis has acted on grounds which are universally applicable to the class, thereby making appropriate final injunctive relief and/or corresponding declaratory relief with respect to the Class as a whole.

## COUNT ONE
## PRODUCT LIABILITY CLAIMS AGAINST DEFENDANT

24. Plaintiffs reallege and incorporate by this reference all the allegations contained in Paragraphs 1 through 23 above as set out in full.

25. Imprimis is a pharmaceutical company specializing in the compounding of customized medications. One such medication is Triamcinolone/Moxifloxacin.

### A. Strict Liability

26. Plaintiffs reallege and incorporate by this reference all the allegations contained in Paragraphs 1 through 25 above as set out in full.

27. Imprimis was at all times relevant hereto engaged in the business of compounding customized medications.

28. Imprimis expected its compounded drugs to reach physicians and surgeons and to be used during or after surgeries such as cataract surgery, as was the case in this action.

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

29. Upon information and belief, the Triamcinolone/Moxifloxacin drug injected into Plaintiff Anna Sue Gaukel's eyes was compounded by Imprimis.

30. Upon information and belief, the Triamcinolone/Moxifloxacin drug injected into Plaintiff Anna Sue Gaukel's eyes and compounded by Imprimis was defective and caused vision loss and damage to Plaintiff Anna Sue Gaukel.

31. Plaintiff Anna Sue Gaukel was not aware of any said defects with the compounded drug at any time prior to the injection into her eyes.

32. The defective drug was a direct and/or substantial factor in causing Plaintiff Anna Sue Gaukel's vision loss and/or damage.

33. As a direct result of Imprimis' acts, Plaintiffs have suffered damages in excess of $25,000.00 to be proven with specificity at trial.

34. Imprimis' actions in compounding, selling, marketing, and/or distributing the Triamcinolone/Moxifloxacin drug without alerting, advising, warning, properly recalling or otherwise adequately informing patients, physicians and surgeons of its defective and dangerous nature and/or character, were reckless or willful and constituted a gross deviation from reasonable standards of care.

35. Imprimis' conduct was reckless and outrageous as alleged hereinabove, constituting an extreme deviation from reasonable standards of conduct, and Imprimis' conduct was performed with an understanding of, or disregard for, its likely consequences.

36. Plaintiffs reserve this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

COMPLAINT AND DEMAND FOR JURY TRIAL - 6

37. Plaintiffs are entitled to recover their attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

## B. Negligence

38. Plaintiffs reallege and incorporate by this reference all the allegations contained in Paragraphs 1 through 37 above as set out in full.

39. Imprimis had a duty to provide a reasonably safe compounded drug that would not cause harm to patients under ordinary use.

40. Imprimis failed to exercise ordinary care in the compounding, development, marketing, manufacturing, distribution, and sale of the Triamcinolone/Moxifloxacin drug.

41. Imprimis' negligence in the compounding, development, marketing, manufacturing, distribution, and sale of the Triamcinolone/Moxifloxacin drug was a direct and/or substantial factor in causing the injuries to Plaintiff Anna Sue Gaukel.

42. As a direct result of Imprimis' negligent acts, Plaintiffs have suffered damages in excess of $25,000.00 to be proven with specificity at trial.

43. Imprimis' actions, as alleged herein, were reckless or willful and constituted a gross deviation from reasonable standards of conduct.

44. Imprimis' conduct was reckless and outrageous as alleged hereinabove, constituting an extreme deviation from reasonable standards of conduct, and Imprimis' conduct was performed with an understanding of, or disregard for, its likely consequences.

45. Plaintiffs reserve this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

COMPLAINT AND DEMAND FOR JURY TRIAL - 7

46. Plaintiffs are entitled to recover their attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

### C. Breach of Warranties

47. Plaintiffs reallege and incorporate by this reference all the allegations contained in Paragraphs 1 through 46 above as set out in full.

48. Imprimis was a merchant with respect to the Triamcinolone/Moxifloxacin drug.

49. In marketing and selling the Triamcinolone/Moxifloxacin drug, Imprimis expressly and impliedly warranted that it was reasonably safe, was of merchantable quality, was free from design defects, and was reasonably fit for its ordinary, intended, foreseeable and expected use, and that such use would not cause injuries of the nature suffered by Plaintiff Anna Sue Gaukel.

50. Imprimis knew or should have known that consumers would use and be subject to the use of the Triamcinolone/Moxifloxacin drug and would rely upon the representations, skill and judgment of Imprimis in furnishing products suitable for such purpose. The aforementioned warranties were made for the exact purpose and effect of inducing the public to use the Triamcinolone/Moxifloxacin drug.

51. The defects were not known to Plaintiffs while Imprimis knew or should have known of the dangerous, defective, unfit and unsafe condition of the Triamcinolone/Moxifloxacin drug. As such, Imprimis breached the express and implied warranties made concerning the Triamcinolone/Moxifloxacin drug.

COMPLAINT AND DEMAND FOR JURY TRIAL - 8

52. Imprimis' breach of warranties regarding the Triamcinolone/Moxifloxacin drug was a direct and/or substantial factor in causing the injuries to Plaintiff Anna Sue Gaukel.

53. As a direct result of Imprimis' negligent acts, Plaintiffs have suffered damages in excess of $25,000.00 to be proven with specificity at trial.

54. Imprimis' actions, as alleged herein, were reckless or willful and constituted a gross deviation from reasonable standards of conduct.

55. Imprimis' conduct was reckless and outrageous as alleged hereinabove, constituting an extreme deviation from reasonable standards of conduct, and Imprimis' conduct was performed with an understanding of, or disregard for, its likely consequences.

56. Plaintiff reserves this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

57. Plaintiffs are entitled to recover their attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

## COUNT TWO
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT

58. Plaintiffs reallege and incorporate by this reference all the allegations contained in Paragraphs 1 through 57 above as if set out in full.

59. As a direct and proximate result of Imprimis' reckless and/or negligent conduct, as alleged hereinabove, Plaintiffs have incurred severe mental suffering manifested by physical symptoms.

60. As such, Plaintiffs are entitled to recover monetary damages from Imprimis representing fair and reasonable compensation for the emotional distress suffered by Plaintiffs as a result of the wrongful conduct alleged hereinabove in an amount in excess of $25,000.00 to be proven at trial.

61. Plaintiffs are entitled to recover their attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

62. Plaintiffs reserve this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

WHEREFORE, Plaintiffs pray for Judgment of this Court as follows:

1. For money damages for Plaintiffs from Defendant Imprimis under the theories of strict liability, negligence, breach of warranties, and negligent infliction of emotional distress in a sum to be determined at trial in excess of $25,000.00, and representing Plaintiffs' economic damages relating to past and future medical expenses, supplies, nursing and physician care, pain and suffering, emotional distress, loss of enjoyment of life, and temporary and permanent disability;

2. For Plaintiffs' reasonable attorney fees necessitated in this action pursuant to Idaho Code §§ 12-120 and 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law;

3. For costs of suit incurred herein; and

4. For such other and further relief as to the Court is just and equitable.

COMPLAINT AND DEMAND FOR JURY TRIAL - 10

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of no less than twelve (12) persons on all issues so triable pursuant to Idaho Rule of Civil Procedure 38(b).

DATED this 13th day of December, 2018.

ROSSMAN LAW GROUP, PLLC

By /s/ Eric S. Rossman
Eric S. Rossman
Attorneys for Plaintiffs

Z:\Work\G\Gaukel, Anna Sue\Complaint.doc

COMPLAINT AND DEMAND FOR JURY TRIAL - 11

# EXHIBIT B

Eric S. Rossman, ISB #4573
erossman@rossmanlaw.com
Erica S. Phillips, ISB #6009
ephillips@rossmanlaw.com
Matthew G. Gunn, ISB #8763
mgunn@rossmanlaw.com
ROSSMAN LAW GROUP, PLLC
350 N. 9th Street, Suite 500
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile: (208) 947-2424
*iCourt efiling only: rlg@rossmanlaw.com*

Attorneys for Plaintiffs

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| LAWRENCE R. GAUKEL and ANNA SUE GAUKEL, husband and wife, ) ) ) | **CASE NO. CV01-18-23156** |
| Plaintiffs, ) ) | **ACCEPTANCE OF SERVICE** |
| -vs- ) ) | |
| IMPRIMIS PHARMACEUTICALS, INC., a Delaware corporation, ) ) ) | |
| Defendant. ) | |

      COMES NOW, Benjamin A. Schwartzman, of the law firm of ANDERSEN SCHWARTZMAN WOODARD DEMPSEY, PLLC, and acknowledges that on the ____ day of

**ACCEPTANCE OF SERVICE - 1**

June, 2019, he received and accepted service of copies of a Summons and Complaint and Demand for Jury Trial in the above-entitled action on behalf of Defendant, Imprimis Pharmaceuticals, Inc.

DATED this 7th day of June, 2019.

ANDERSEN SCHWARTZMAN WOODARD DEMPSEY, PLLC

By_____
Benjamin A. Schwartzman
Attorneys for Defendant Imprimis
Pharmaceuticals, Inc.

STATE OF IDAHO     )
                   ) ss.
County of Ada      )

BENJAMIN A. SCHWARTZMAN, being first duly sworn on oath, deposes and says:

That he is the attorney for the Defendant, Imprimis Pharmaceuticals, Inc., in the above-entitled action; that he has read the above and foregoing Acceptance of Service, knows the contents thereof, and believes the facts stated therein to be true.

_____
Benjamin A. Schwartzman

SUBSCRIBED AND SWORN TO before me this 7th day of June, 2019.

DAVONNA WOLFF
COMMISSION #30572
NOTARY PUBLIC
STATE OF IDAHO
MY COMMISSION EXPIRES 10/30/2024

_____
Notary Public for Idaho
My Commission Expires: 10/30/24

Z:\Work\G\Gaukel, Anna Sue\Summons.doc

**ACCEPTANCE OF SERVICE - 2**